## James B. Ramsay & Co. v. George Overaker.

1. The costs and expense of storage, or for other care of property, is a proper charge on the fund arising from the sheriff's sale of the property.
2. There is no provision of law authorizing a personal judgment against the plaintiff for the amount of such expenses.

Special Term.—On motion by the sheriff to have an allowance made for storage expenses, to be taxed in the costs and collected of the plaintiff, under the judgment rendered against him for costs.

The plaintiff in this action obtained an order of attachment. The sheriff levied on a stock of groceries. It became necessary to store them; and in this way, a charge of about one hundred dollars was incurred by the sheriff. Before this charge for storage was incurred, the order of attachment was returned, and this expenditure was not indorsed as fees or costs.

A motion was made to discharge the order shortly after it had issued. This motion, after some delay, was granted, and the goods returned to the defendant.

*T. M. Key* and *W. Van Hamm* for plaintiffs.

*W. B. Caldwell*, for sheriff Mathers.

GHOLSON, J. Had the goods remained in the hands of the sheriff, and been sold under the order of the court, and the application was to be allowed for the storage as a charge on the fund, the court would have the power, and it would be its duty, as it has been the practice, to make the allowance. It is not a compensation to the sheriff for services, but for necessary expenses incurred in taking care of the property. The same principle applies in allowing for the keeping of horses, or stock, when taken under an execution. A very general principle, frequently laid down, governs such cases. 2 Myl. & Cr. 406, 424, *Attorney General* v. *Mayor of Norwich;* 3 Id. 675, *Dryden* v. *Frost;* 2 Phill. 220, *Bright* v. *North;* 4 D. & E. 591, *King* v. *Essex;* 1 B. & Ad. 232, *King* v. *Com. of Sewers, etc.;* 69 E. C. L. 562, *Regina* v. *Com. of Sewers, etc*

The question, as it is presented to me, is very different. I am really asked, upon matter out of the record, to render a personal judgment against the plaintiff. It is not a case of the retaxation of costs, for there is nothing in the record or proceedings to show any such costs; and, what is more important, there is no statute which provides for any such item in a bill of costs. It is not a case of an amendment of a sheriff's return, even could there be a return of any such item as costs, for the charge occurred after the return of the process.

Without undertaking to decide whether the plaintiff in execution may not be liable to the sheriff in an action, upon the principle of indemnity, I feel clearly satisfied that the court has no jurisdiction, upon a motion, to order the payment of this charge by the plaintiff. There appears to be, in this respect, some defect in our attachment proceedings; and even if the sheriff may have indemnity by action, he ought to be allowed to require an advance for his charges and expenses in taking care of the property. There is a provision of this description, in the common carrier act, as to the taking of a watercraft; and a similar provision would seem to be required in attachment proceedings.

Motion overruled.